UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BILERKA BORDAS

      VS

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE UNDER
POOLING AND SERVICING AGREEMENT
AS OF SEPTEMBER 1, 2006 IXIS REAL
 ESTATE CAPITAL TRUST 2006-HE3
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES
2006-HE3, ALIAS
OCWEN LOAN SERVICING, LLC

## COMPLAINT

    Plaintiff, by her attorney, complains of Defendants as follows:

1.    Plaintiff is a resident of the State of Rhode Island with an address of 29 Georgia Avenue, Providence, Rhode Island. She owns said real estate located at 29 Georgia Avenue, Providence, Rhode Island.

2.    Plaintiff executed a mortgage to Mortgage Electronic Registration Systems, Inc. as Nominee for First NLS Financial, LLC on May 8, 2006. A copy is attached as Exhibit A.

3.    Defendant, Deutsche Bank National Trust Company as trustee for Ixis Real Estate Capital Trust 2006-HE3 Mortgage Pass-Through Certificates, Series 2006-HE3 ("Deutsche Bank") claims to own Plaintiff's mortgage. There is no entity with this name. There is a securitized trust with the name of Ixis Real Estate Capital Trust, 2006-HE3, which is located and identified on the Securities and Exchange Commission Website at the following web link:

https://www.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=0001373780&owner=include&count=40&hidefilings=0

4. Defendant, Ocwen Loan Servicing, LLC ("Ocwen") is a limited liability company, organized pursuant to the laws of Delaware. It is a debt collector and asserts that it is the loan servicer for the Plaintiff's mortgage.

5. This Court has diversity jurisdiction as the amount in controversy is greater than $75,000.00, the Plaintiff is a citizen of the State of Rhode Island all defendants are citizens or incorporated entities of different states.

6. Korde Law Associates, PC ("Korde") on November 3, 2017, without indicating the entity it represents, has scheduled a foreclosure sale for Plaintiff's home on December 28, 2017 at 10:00 AM, as indicated by Exhibit C.

7. Neither Korde, Ocwen nor Deutsche Bank have mailed Plaintiff a notice in the form required pursuant to the provisions of paragraph 22 of the mortgage.

8. Before an acceleration of the loan was declared, the Lender was required to send Plaintiff a notice to her home address which specified:

   a. the default;

   b. the action required to cure the default, stating a date, not less than 30 days from the date the default must be cured;

   c. that failure to cure the default on or before the date specified in the Notice may result in the acceleration and sale of our home

   d. the right to bring a court action to asset the non-existence of a default of Borrower to acceleration and sale.

9. Paragraph 22 of Plaintiff's mortgage, which contains conditions for the exercise of the statutory power of sale, reads as follows:

   **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or**

2

**agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

10.  The provisions in paragraph 22 of the mortgage were a condition precedent to the exercise of the power of sale of the mortgage. There was no compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above. Any alleged exercise of the statutory power of sale to Plaintiff was defective because a default notice and a valid acceleration notice were never sent as required by paragraph 22 of the mortgage.

11.  Ocwen mailed Plaintiff a letter dated May 25, 2017, which it claimed to be a default notice. A copy is attached as Exhibit C.

12.  This letter did not comply with Paragraph 22 of the mortgage.

13. Paragraph 22 (c) of Plaintiff's mortgage required a default notice which specified:

**(c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured**

14. However this letter did not specify a particular date for the cure date. Instead it stated:

In order to cure the default, payment for the entire total amount past due plus any amount(s) that become(s) due in the interim must be received on or before 07/01/2017.

15. This letter thus was not consistent with the terms of the mortgage, in that a specific cure date was not listed.

16. The failure of the Defendants to comply with the terms of the mortgage renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the statutory ability to conduct this foreclosure.

17. The purported default letter dated May 25, 2017 asserted that the arrearage was $27,037.30. This was not an accurate amount, since it included fees and expenses, which were charged due to a prior attempted foreclosure and other improper fees and expenses.

18. In a letter dated November 2, 2017, attached as Exhibit D, Korde stated that the Holder of the Mortgage of the mortgage elected to accelerate the entire indebtedness of the mortgage loan.

19. This letter indicated that the total amount due was $151,783.33. This was not an accurate amount, since it included fees and expenses, which were charged due to the prior attempted foreclosure and other improper fees and expenses.

20. Previously Ocwen and Deutsche Bank had scheduled a foreclosure sale on August 22, 2016 based on a purported default letter dated May 27, 2015. A copy of this letter is attached as Exhibit E.

21. However this letter was not compliant with the terms of the mortgage.

22. This letter did not specify a particular date for the cure date. Instead it stated:

On or before 07/03/2015, you must submit payment by Money Gram, Bank Check, Money Order or certified Funds for the entire total amount stated above to the appropriate address listed at the bottom of page two of this notice. Any payment(s) that become due in the interim must also be included.

23. This letter stated that "Failure to bring your account current may result in our election to exercise our right to foreclose on your property.

24. However to be compliant with the terms of the mortgage, it should have stated:

**that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.**

25. This letter stated that "After acceleration of the debt, but prior to foreclosure, you may have the right to reinstate the mortgage loan, depending on the terms of the note and the mortgage. We encourage you to review the provisions of the note and the mortgage"

26. However to be compliant with the terms of the mortgage, itt should have stated without qualification and without requiring the borrower to review the mortgage to determine if she possessed the right to reinstate after acceleration:

**The notice shall further inform Borrower of the right to reinstate after acceleration**

27. This letter stated that "You have the right to assert in court the non-existence of a default or any other defenses to acceleration and foreclosure."

28. However to be compliant with the terms of the mortgage, it should have notified the borrower of the following right to bring a court action:

**the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.**

5

29.   No reference was made to the right to bring a court action, but instead the right to assert rights in a Judicial Foreclosure was referenced.

# COUNT I
# BREACH OF CONTRACT

30.   Paragraphs 1- 29 are incorporated by reference.

31.   The statutory power of sale could only be exercised pursuant to the Plaintiff being sent a default letter pursuant to the terms of the mortgage, followed by an acceleration letter and a Notice of Sale pursuant to R.I.G.L.34-27-4.

32.   Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Plaintiff's property at any time.

33.   The actions of the Defendants constituted a breach of contract, resulting in damages to the Plaintiff, who hired an attorney to commence this case.

34.   Plaintiff's mortgage loan account has been charged unreasonable fees and expenses for the prior foreclosure attempt and for this attempt to foreclose.

35.   Plaintiff lives at her home with her two minor children.

36.   She has suffered emotional damages for embarrassment and humiliation by the advertising of a foreclosure of her home on two occasions.

WHEREFORE, Plaintiff demands the following relief:

   a.   Damages against Deutsche Bank and Ocwen for failure to comply with the terms of the mortgage.

    b.    Damages against Deutsche Bank and for legal fees and actual damages arising from the breach of contract.

    c.    Damages against Deutsche Bank and Ocwen for charging the Plaintiff fees and costs charged to the mortgage loan account arising from the 2015 and the 2017 purported foreclosure attempts.

    d.    Legal fees from Deutsche Bank and Ocwen pursuant to the provisions of R.I.G.L § 9-1-45.

    e.    All other just and proper relief.

BILERKA BORDAS
By her Attorney

December 15, 2017

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT II

## VIOLATION OF THE COVENANT OF GOOD FAITH AND DEALING

37. Paragraphs 1-36 are incorporated by reference.

38. The mortgage contract between Plaintiff and the mortgagee and its successor or assignee contained an implied covenant of good faith and dealing between the parties so that the contractual obligation of the contract might be achieved.

39.     The mortgage contract in paragraph 22 incorporates the Rhode Island Statutory Power of Sale.

40.     Deutsche Bank and Ocwen violated the covenant of good faith and dealing by scheduling two foreclosure sales in violation of the terms of the mortgage by seeking to exercise the statutory power of sale without the lender or an agent acting on its behalf having first sent a default notice to the Plaintiff, which contained language required by the terms of the mortgage.

41.     The failure to send a default letter and subsequently mailing two Notices of Sale contrary to the terms of the mortgage were actions taken contrary to the contractual and statutory obligations of the parties.

42.     The Plaintiff's mortgage loan account has been charged unreasonable fees and expenses, which will increase the cost of any loan modification which she seeks in the future.

43.     As a result, Plaintiff has incurred the following damages:

   a. Plaintiff has incurred the cost of filing this action in the form of filing fees and service fees, incurred in order to stop the foreclosure, which was in violation of the terms of the mortgage.

   b. Plaintiff's mortgage loan account has been charged fees and costs which were not permitted without a valid default letter having being sent to him.

   c. Plaintiff has incurred damages for Plaintiff aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry and anxiety. She has incurred stress with mail advising her that her home will be sold at a public auction.

   d. Plaintiff has incurred attorney fees and costs to obtain an injunction to stop the illegal foreclosure and to defend the eviction action.

  e.  Plaintiff has incurred attorney fees and costs for the prosecution of this action.

44. The conduct of Deutsche Bank and Ocwen were willful, wanton and reckless, warranting the imposition of punitive damages.

45. Defendants have ignored the clearly stated terms of the mortgage and case law in this Court holding that the notice provisions of this mortgage contract requires strict compliance in order to exercise the statutory power of sale.

46. Instead Defendants have twice sought to exercise the statutory power of sale without a valid default notice.

47. Defendants have breached the mortgage contract by charging the Plaintiff $5391.74 in fees and expenses for improper foreclosure attempts and inaccurate charges.

48. Defendants have breached the contract by paying late fees from monthly payments contrary to the terms of the mortgage.

49. The purported May 25, 2017 default notice only indicated that outstanding late fees were $203.76.

50. However the provisions of paragraph 2 of the mortgage do not permit payment of late fees ahead of payments of principal, interest and escrow.

51. Any late fees charged and paid from either the mortgage escrow account, suspense or the payments made by the Plaintiff constituted a breach of contract.

  WHEREFORE, Plaintiff demands the following relief:

  a.  Damages against Deutsche Bank and Ocwen for failure to comply with the terms of the mortgage.

  b.  Damages against Deutsche Bank and Ocwen for legal fees and damages arising from the breach of contract.

    c.    Legal fees from Deutsche Bank and Ocwen.

    d.    Damages for charges to Plaintiff's mortgage loan account which has been charged fees and costs which were not permitted without a valid default notice.

    e.    Actual damages attributable to the aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry and anxiety and stress suffered by the Plaintiff.

    f.    Damages for punitive damages

    g.    Reimbursing the Plaintiff's mortgage loan account for any late fees paid from the escrow account.

    h.    All other just and proper relief.

    BILERKA BORDAS
    By her Attorney

December 15, 2017    /s/ John B. Ennis
    JOHN B. ENNIS, ESQ. #2135
    1200 Reservoir Avenue
    Cranston, Rhode Island 02920
    (401) 943-9230
    Jbelaw75@gmail.com

## COUNT III
## INJUNCTIVE RELIEF

52.    Paragraphs 1- 51 are incorporated by reference.

53.    Plaintiff will be irreparably harmed if the foreclosure sale on December 28, 2017 occurs and her home is sold.

54. Plaintiff has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

55. Plaintiff lives in this property, as her principal residence with her two minor children.

56. These facts demonstrate that Plaintiff has a substantial likelihood of success. Likewise a foreclosure of her property by a party not entitled to foreclose on the property will cause Plaintiff irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants.

57. The failure of the Defendants to comply with paragraph 22 of the mortgage renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability. This demonstrates that Plaintiff has a substantial likelihood of success.

58. Likewise a foreclosure of Plaintiff's property by a party not entitled to foreclose on the property will cause Plaintiff irreparable harm, which hardship is greater than any hardship, which may be claimed by Defendants.

59. Such relief sought by Plaintiff will not disserve the public interest if imposed.

WHEREFORE, Plaintiff demands that this Court:

a. Grant a Preliminary Injunction Restraining and Enjoining Deutsche Bank, Ocwen or any other entity acting on their behalf from conducting, advertising or continuing a foreclosure sale at 29 Georgia Avenue, Providence, Rhode Island pending a hearing on a Permanent Injunction

b. Grant a Permanent Injunction enjoining Deutsche Bank, Ocwen or any other entity acting on their behalf from conducting, advertising or continuing a foreclosure sale at 29 Georgia Avenue, Providence, Rhode Island until further Order of this Court.

c. Award the Plaintiff actual damages and compensatory damages and legal fees and costs against the Defendants for scheduling a foreclosure without complying the terms of the mortgage

d.     Grant all other just and proper relief.

                                      BILERKA BORDAS
                                      By  her Attorney


December 15, 2017                       /s/ John B. Ennis
                                      JOHN B. ENNIS, ESQ. #2135
                                      1200 Reservoir Avenue
                                      Cranston, Rhode Island 02920
                                      (401) 943-9230
                                      Jbelaw75@gmail.com

## COUNT IV
## VIOLATION OF THE RHODE ISLAND FAIR DEBT COLLECTION PRACTICES ACT

60.     Paragraphs 1-59 are incorporated by reference.

61.     At the time that Ocwen obtained servicing rights of the Plaintiff's mortgage, it claimed that the obligation of the Plaintiff was in default.

62.     Defendant, Ocwen is a "debt collector" as defined by the provisions of R.I.G.L. § 19-14.9-3 ("RIFDCPA"). This Court has jurisdiction pursuant to the provisions of R.I.G.L. § 19-14.9-13.

63.     The primary business of  Ocwen is the collection of debts. It is a debt collector as a mortgage servicer because this mortgage loan account was in default at the time Ocwen commenced servicing of the loan.

64.     Ocwen since December 15, 2016 has committed several violations of the RIFDCPA and is liable to the Plaintiff for compensatory damages, statutory damages, and attorney fees and costs for violations.

65.     Ocwen has used multiple unfair and unconscionable means to collect or attempt to collect a debt against the Plaintiff.

66.     Ocwen has violated the RIFDCPA by using false deceptive and misleading representations or means in connection with the collection of this alleged debt.

67.     Ocwen made false representations regarding the character, amount and legal status of the debt.

68.     On or after December 15, 2016, Ocwen retained Korde to collect an alleged debt allegedly due to the entity on whose behalf Ocwen was collecting by seeking to foreclose on Plaintiff's property.

69.     After December 15, 2016, Ocwen, by its communication to the Plaintiff directly and through this law firm, made various false representations, which were made regarding the character, amount and legal status of the Plaintiff's debt. These false assertions were made in an attempt to collect a debt as follows:

>  a.     It falsely stated on a number of occasions, through its own communications to the Plaintiff and by those of its attorney attorneys the amount secured by the mortgage loan.
>
>  b.     It has falsely stated the amount claimed to be due in past due interest and charges, in every statement and document referencing the amount due sent to the Plaintiff since that date.

70.     These statements were all false and were violations of R.I.G.L. § 19-14.9-7 (b)(1) for the reasons as alleged previously in this complaint.

71.     The amount of $27,037.30 included in her arrearage in the May 25, 2017 letter was not an accurate statement of the amount necessary to cure the delinquency on her mortgage loan.

72.     Ocwen claiming to act on behalf of the owner of the mortgage loan, through its attorney, also violated the provisions of R.I.G.L. §19-14.9-7 (b)(e) by threatening to take an action that could not be legally taken, namely that it could exercise the statutory power of sale and conduct a foreclosure sale of the plaintiff's home in an attempt to collect a debt.

73.     In addition, neither Ocwen nor Deutsche Bank could take this action because there had never been a valid default letter sent to Plaintiff by the lender, servicer or any party acting on its behalf.

74.     Each action of Ocwen described above constitutes a separate violation of the RIFDCPA for which Ocwen is liable.

75.     All the actions alleged in this complaint were designed to compel the Plaintiff to pay monies to Ocwen through its attorney, on behalf of the owner of the note and mortgage under the false threat of foreclosure of her home unless she made such a payment to Ocwen, through its attorney on behalf of the entity, which owned the note.

76.     The Plaintiff has incurred actual damages as a result of the violations of the RIFDCPA:

>    a.     Plaintiff has incurred costs for gasoline to visit his attorney on several occasions, driving to her attorney's office for 4 round trips totaling more than 15.4 miles. The IRS standard mileage allowance provides for .56 per mile.
>
>    b.     Plaintiff has used her cell phone to call and receive calls from her attorney. These calls are charged to his pursuant to her cell phone usage and monthly fees. Plaintiff has used electricity to recharge her cell phone for calls made when she spoke with her attorney.
>
>    c.     Her mortgage loan account has been charged at least $5391.74 in improper fees and expenses. Her mortgage loan account has been charged unreasonable fees and costs for uncorroborated and unreasonable and unnecessary property inspections and improper legal fees and costs.
>
>    d.     She has incurred attorney fees and costs for the prosecution of this action.
>
>    e.     She has suffered emotional damages for embarrassment and humiliation by the advertising of a foreclosure of her home on several occasions.

77. As a result of the above described acts of Ocwen, it is liable to the Plaintiff for actual damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiff demands that Judgment be entered against the Defendant Ocwen for the following relief:

    A.    Judgment against Ocwen for actual damages, and statutory damages of $1,000.00 for each violation of the RIFDCPA.

    B.    Judgment against Ocwen for legal fees and costs for the prosecution of this action.

    C.    For all other just and proper relief.

BILERKA BORDAS
By her attorney,

December 15, 2017

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT IV

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY DEUTSCHE BANK'S FAILURE TO SEND THE PLAINTIFF AN ACCURATE MONTHLY MORTGAGE STATEMENT EACH MONTH PURSUANT TO THE PROVISIONS OF 12 C.F.R. 1026.41 AND 15 U.S.C. 1638**

78. Paragraphs 1-77 are incorporated by reference.

79. This is an action for damages brought by the Plaintiff, who is a consumer, for Deutsche Bank's violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA").

80. Specifically, Plaintiff seeks the remedies provided in TILA for Defendant's failure to send the Plaintiff accurate monthly mortgage statements as required by 15 U.S.C. §§ 1638 and 12 C.F.R. 1026.41 respectively.

81. This Court has jurisdiction pursuant to 15 U.S.C. §1640 to provide private remedies for failure to respond to provide a borrower monthly statements. 15 U.S.C. § 1640 provides for statutory damages of the type alleged in this Complaint to a range of not less than $400.00 nor greater than $4,000.00. Jurisdiction is further conferred on this Court by 15 U.S.C. §1640(e).

82. The Defendant, Ocwen is a limited liability company services residential mortgage loans. It is the servicer of the mortgage loan, which is the subject of this complaint

83. Deutsche Bank as Trustee claims to be the owner of the mortgage note and mortgage loan.

84. The mortgage loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1).

85. Plaintiff has not been sent a monthly statement each month which was compliance with 12 C.F.R. 1026.41 since December 15, 2016.

86. Pursuant to 12 C.F.R. 1026.41, the loan servicer on behalf of the creditor was required to send the Plaintiff a monthly mortgage statement that provides the following information:

**(d)** *Content and layout of the periodic statement.* The periodic statement required by this section shall include:
**(1)** *Amount due.* Grouped together in close proximity to each other and located at the top of the first page of the statement:
**(i)** The payment due date;
**(ii)** The amount of any late payment fee, and the date on which that fee will be imposed if payment has not been received; and
**(iii)** The amount due, shown more prominently than other disclosures on the page and, if the transaction has multiple payment options, the amount due under each of the payment options.

**(2)** *Explanation of amount due.* The following items, grouped together in close proximity to each other and located on the first page of the statement:
**(i)** The monthly payment amount, including a breakdown showing how much, if any, will be applied to principal, interest, and escrow and, if a mortgage loan has multiple payment options, a breakdown of each of the payment options along with information on whether the principal balance will increase, decrease, or stay the same for each option listed;
**(ii)** The total sum of any fees or charges imposed since the last statement; and
**(iii)** Any payment amount past due.
**(3)** *Past Payment Breakdown.* The following items, grouped together in close proximity to each other and located on the first page of the statement:
**(i)** The total of all payments received since the last statement, including a breakdown showing the amount, if any, that was applied to principal, interest, escrow, fees and charges, and the amount, if any, sent to any suspense or unapplied funds account; and
**(ii)** The total of all payments received since the beginning of the current calendar year, including a breakdown of that total showing the amount, if any, that was applied to principal, interest, escrow, fees and charges, and the amount, if any, currently held in any suspense or unapplied funds account.
**(4)** *Transaction activity.* A list of all the transaction activity that occurred since the last statement. For purposes of this paragraph (d)(4), *transaction activity* means any activity that causes a credit or debit to the amount currently due. This list must include the date of the transaction, a brief description of the transaction, and the amount of the transaction for each activity on the list.
**(5)** *Partial payment information.* If a statement reflects a partial payment that was placed in a suspense or unapplied funds account, information explaining what must be done for the funds to be applied. The information must be on the front page of the statement or, alternatively, may be included on a separate page enclosed with the periodic statement or in a separate letter.
**(6)** *Contact information.* A toll-free telephone number and, if applicable, an electronic mailing address that may be used by the consumer to obtain information about the consumer's account, located on the front page of the statement.
**(7)** *Account information.* The following information:
**(i)** The amount of the outstanding principal balance;
**(ii)** The current interest rate in effect for the mortgage loan;
**(iii)** The date after which the interest rate may next change;

**(iv)** The existence of any prepayment penalty, as defined in § 1026.32(b)(6)(i), that may be charged;
**(v)** The Web site to access either the Bureau list or the HUD list of homeownership counselors and counseling organizations and the HUD toll-free telephone number to access contact information for homeownership counselors or counseling organizations; and
**(8)** *Delinquency information.* If the consumer is more than 45 days delinquent, the following items, grouped together in close proximity to each other and located on the first page of the statement or, alternatively, on a separate page enclosed with the periodic statement or in a separate letter:
**(i)** The date on which the consumer became delinquent;
**(ii)** A notification of possible risks, such as foreclosure, and expenses, that may be incurred if the delinquency is not cured;
**(iii)** An account history showing, for the previous six months or the period since the last time the account was current, whichever is shorter, the amount remaining past due from each billing cycle or, if any such payment was fully paid, the date on which it was credited as fully paid;
**(iv)** A notice indicating any loss mitigation program to which the consumer has agreed, if applicable;
**(v)** A notice of whether the servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process, if applicable;
**(vi)** The total payment amount needed to bring the account current; and
**(vii)** A reference to the homeownership counselor information disclosed pursuant to paragraph (d)(7)(v) of this section.

87. None of these statements have been sent to the Plaintiff, inconformity with Regulation Z since November 29, 2016.

88. The Plaintiff has been charged improper fees and costs relating to foreclosure attempts on his property, which have been charged to his mortgage loan account. These fees include the following:

a. $5391.74 in Fees and expenses due to a previous foreclosure attempt in 2015 despite a valid default letter having been mailed to the Plaintiff

89. These fees were not properly charged to the mortgage loan account due.

90. Each monthly statement since December 15, 2016 included the improper fees alleged in this complaint and also included attorney fees for an attempted foreclosure sale noticed by Ocwen's attorney after without having sent Plaintiff a Default Notice as required by the provisions of R.I.G.L. 34-27-3.2.

91. These charges have been included in all statements sent to the consumer by Ocwen.

92. As a result of this failure to comply with 12 C.F.R. 1026.41 and TILA, Defendant, Deutsche Bank is liable for actual damages and statutory damages of up to $4,000.00 for each of the statements, which were sent to the Plaintiff since December 15, 2016 and were not accurate and not in conformity with 12 C.F.R. 1026.41 and TILA.

93. The Plaintiff has incurred actual damages, costs and legal fees in regard to this action:

    a. She has incurred costs for gasoline to visit her attorney on at least four occasions, driving to her attorney's office for a round trip totaling 15.4 miles. The IRS standard mileage allowance provides for .56 per mile.

    b. She has incurred postage costs, copying costs and stationary and envelope costs for transmission to the Defendant.

    c. Her mortgage loan account has been charged additional fees and costs, which raise the cost of any possible loan modification.

    d. She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees expenses incurred in regard to this action.

      WHERFORE, Plaintiff demands Judgment against Deutsche Bank for statutory damages of at least $4,000.00, for each failure to send a monthly mortgage statement in conformity with TILA since December 15, 2016 plus actual damages, plus attorney fees and costs and all other just and proper relief.

|  |  |
|---|---|
|  | BILARKA BORDAS |
| December 15, 2017 | By her Attorney |
|  |  |
|  | /s/ John B. Ennis |
|  | JOHN B. ENNIS, ESQ. #2135 |
|  | 1200 Reservoir Avenue |
|  | Cranston, Rhode Island 02920 |
|  | (401) 943-9230 |
|  | Jbelaw75@gmail.com |

Plaintiff demands a Trial by Jury